1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RUSSELL R. WILLS; MICHELE
ERICKSON,

                              Plaintiffs,

         v.

CITY OF DUPONT POLICE
DEPARTMENT; CITY OF DUPONT,

                              Defendants.

CASE NO. 19-cv-5795-RJB

ORDER GRANTING LEAVE TO
AMEND COMPLAINT

THIS MATTER comes before the Court on the remand Order from the United States

Court of Appeals for the Ninth Circuit (Case No. 19-35983). The Court is familiar with the

remand Order, the complaint, and the remainder of the record herein. For the reasons set forth

below and in the remand Order, Plaintiffs should be granted leave to amend the complaint.

**Review of the Complaint.** The Court has carefully reviewed the complaint in this matter.

The complaint's claim and statement of the case, provided on a form, is that

> Defendant is indebted to plaintiff in the sum of $ To Be
> Determined. The basis for the debt is Procedural misconduct at a

1                routine traffic stop, August 21, 2016, Pain and suffering, punitive
damages[.]

2                Wherefore, Plaintiff prays for judgment against defendant in the
sum of $ To Be Determined plus interest and plaintiff's costs and

3                disbursements.

4  Dkt. 1-1, at 2.

5       Because plaintiffs filed the complaint *pro se,* the court has construed the pleadings

6  liberally and has afforded plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles*

7  *Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Even so, the complaint is inadequate and is not

8  "a short and plain statement of the claim showing that the pleader is entitled to relief," as is

9  required by Fed. R. Civ. P. 8 (a)(2). Pursuant to Fed. R. Civ. P. 8 (a):

10          **Claim for Relief**. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless

11          the court already has jurisdiction and the claim needs no new jurisdictional
support;

12          (2) a short and plain statement of the claim showing that the pleader is entitled to
relief; and

13          (3) a demand for the relief sought, which may include relief in the alternative or
different types of relief.

14

15       While the pleading standard under Rule 8 "does not require 'detailed factual allegations,'

16  it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*

17  *v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se*

18  must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused

19  from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic*

20  *Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

21       ***Sua Sponte* Dismissal**. A federal court may dismiss a case *sua sponte* pursuant to Fed. R.

22  Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be

23  granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may

24  dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made

ORDER GRANTING LEAVE TO AMEND COMPLAINT - 2

without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**Claim for Violation of Constitutional Rights.** Although unclear from the vague complaint, it appears that Plaintiffs are attempting to make a claim alleging violation of constitutional rights. In order to state a claim for violation of a federal constitutional right under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he or she claims that each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff's proposed complaint, which only references "[p]rocedural misconduct at a routine traffic stop," does not allege any factual support to find that any of the defendants acted under color of state law or that defendants' conduct deprived Plaintiffs of a right, privilege, or

immunity secured by the Constitution or laws of the United States. *See* Dkt. 1-1. Plaintiffs have failed to state a claim for which relief can be granted under § 1983 for a violation of Plaintiffs' constitutional rights.

**Leave to Amend**. Plaintiffs are **GRANTED LEAVE** to file a proposed amended complaint to attempt to state a claim upon which relief can be granted, due no later than **May 29, 2020**. Plaintiffs must comply with Fed. R. Civ. P. 8(a) in any proposed amended complaint. Failure to file a proposed amended complaint may result in dismissal of the case.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of April, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING LEAVE TO AMEND COMPLAINT - 4