UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL R. WILLS and MICHELE ERICKSON,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>CITY OF DUPONT POLICE DEPARTMENT and CITY OF DUPONT,<br><br>　　　　　　　　　　Defendants, | CASE NO. C19-5795 RJB<br><br>ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS |

This matter comes before the Court on Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Dkt. 32. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. For the reasons set forth below, Defendants' Motion to Dismiss should be granted, in part, and the Plaintiffs should be granted leave to file a second amended complaint.

ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS - 1

# I.    FACTS AND PROCEDURAL HISTORY

**A. FACTS**

Plaintiffs, proceeding pro se, bring this action against Defendants for damages related to a traffic stop and subsequent arrest that occurred on August 21, 2016. Dkt. 29. In the operative Amended Complaint (completed on a form), Plaintiffs' statement of claim is as follows:

> Our claim is in regards to the city of DuPont Police and their officers not following appropriate police procedures during and shortly after what should have been a routine traffic stop. The city of DuPont did not follow appropriate measures in regards to inquiries into the incident and forthrightness in their presentation of the actual events in this convoluted case.

Dkt. 29-1, at 6.

The Amended Complaint states two claims: first, a 42 U.S.C. § 1983 claim alleging violation of unspecified constitutional rights and, second, violation of "General 1,2,9 Title II of the American's With Disabilities Act." Dkt. 29-1, at 5. The Amended Complaint does not contain a description of the facts underlying Plaintiffs' claims and instead refers to and attaches various letters, emails, and records. Dkts. 29-1, at 6–7; 30; and 31.[1]

The various records attached to the Amended Complaint include, in part, a letter addressed to City of DuPont Police Department from Plaintiff Michele Erickson ("Plaintiff Erickson") regarding the August 21, 2016 arrest incident. Dkt. 30-2. The letter generally provides that an officer at the arrest was aggressive and failed to recognize that Plaintiff Russell Wills ("Plaintiff Wills") suffered from a mental health condition. Dkt. 30-2.

---

[1] A complaint stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Amended Complaint does not satisfy this rule. *See* Dkts. 29; 30; and 31. The Amended Complaint's attachment of various documents is unwieldy, unclear, and disorganized. Nevertheless, the Court has reviewed and is familiar with the Amended Complaint and its attached documents.

ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS - 2

The letter indicates that Plaintiff Erickson is Plaintiff Wills's fiancé. Dkt. 30-2, at 1. Plaintiffs were traveling together late at night and their truck was running out of gas. Concerned that they would run out of fuel, Plaintiffs opted to run a red light at an intersection to reach a nearby gas station. An officer aggressively approached Plaintiffs' truck and focused on Plaintiff Russell Wills, who was apparently exhibiting "erratic behavior" due to ultra rapid cycling bipolar disorder, a disabling jaw infection and related antibiotic treatment, and the officer's aggressive demeanor. Dkt. 30-2, at 1. The letter provides that Plaintiff Erickson tried to explain Plaintiff Wills's condition to the officer but was ignored. Dkt. 30-2.

The letter indicates that the officer ordered Plaintiff Wills back into the truck and then arrested him, striking Plaintiff Wills's jaw in the process. Dkt. 30-2, at 1. Plaintiff Erickson "exited the truck to hopefully help alleviate the situation" and was handcuffed and kept in the back of a police car for approximately twenty minutes. Dkt. 30-2, at 2. The police conducted a DUI test on Plaintiff Erickson and asked her if they could search the truck, to which she apparently consented. Dkt. 30-2, at 2. An officer found a small black box containing pills, which Plaintiff Erickson explained contained aspirin and Plaintiff Wills's prescribed antidepressant, Zoloft. Dkt. 30-2, at 2. The record indicates that the officer may have pocketed the Zoloft and did not return it. *E.g.,* Dkts. 30-2, at 2; and 31-2, at 13.

Plaintiff Erickson was released but Plaintiff Wills was arrested. Dkt. 30-2. The letter indicates that the police informed Plaintiff Erickson that they were taking Plaintiff Wills to "the jail in downtown Tacoma" but did not provide her with the jail's address. Dkt. 30-2, at 2. The letter describes Plaintiff Wills's experience in the jail as inhumane. Dkt. 30-2, at 2.[2]

---

[2] Plaintiff Wills has a separate, related case (*Wills v. Pierce Cty.,* 19-cv-5851-BHS) pending with the court as to claims related to his incarceration.

ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS - 3

1    The attached materials also contain, in part, an outside agency review of the arrest

2 incident completed by the Puyallup Police Department. Dkt. 31-2. The review contains a

3 substantially different account of the arrest incident and indicates that Plaintiff Wills was

4 arrested for "Felony Harassment, Obstructing a Law Enforcement Officer and Resisting Arrest."

5 Dkt. 31-2, at 2. The review concludes that the officers "generally complied with all Department

6 policies that were included in this outside agency review. There were no significant policy

7 violations noted." Dkt. 31-2, at 13.

8    **B. PROCEDURAL HISTORY**

9    Plaintiffs originally filed this action in Pierce County Superior Court on August 19, 2019.

10 Dkt. 1-1. Defendants removed the case to this Court on August 27, 2019. Dkt. 1.

11   On April 28, 2020, Plaintiffs were granted leave to file an amended complaint to cure

12 deficiencies in the original complaint. On May 29, 2020, Plaintiffs filed an amended complaint.

13 Dkt. 29.[3]

14   On June 12, 2020, Defendants filed the instant motion to dismiss. Dkt. 32.

15   On June 16, 2020, because Plaintiffs are proceeding pro se, the Court entered an Order re

16 Motion to Dismiss, apprising Plaintiffs of the motion to dismiss and how it may affect Plaintiffs'

17 claims. Dkt. 33.

18    Plaintiffs filed an approximately two-page response brief. Dkt. 34. Plaintiffs' response

19 reiterates that defendants violated Plaintiffs' civil rights and Americans with Disability Act

20 protections. Dkt. 34. The response adds that mandatory officer training provided by the City of

21 DuPont was implemented as a result of the arrest incident and proves that the arrest incident

---

[3] Plaintiff filed three separate documents with the title "Amended Complaint." Dkts. 29; 30; and 31. The Amended Complaint is located at Dkt. 29. Dkts. 30 and 31 contain various documents that were apparently intended to be included as attachments to the Amended Complaint.

ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS - 4

"was completely handled wrong." Dkt. 34, at 2; *see generally* Dkt. 31-1 (providing an email from the DuPont City Administrator to Plaintiff Erickson, stating, in part, that "recommendations for improvement should have been followed" and the City of DuPont "has changed how [it] does business.").

Defendants filed a reply brief. Dkt. 35. The reply brief observes that "it appears plaintiffs are now attempting to base their municipal liability claim on a theory of inadequate training," and that, "[e]ven if considered a well-pleaded part of plaintiffs' amended Complaint (which it is not), this allegation or theory is insufficient to state a municipal liability claim." Dkt. 35, at 2–3.

### C. ORGANIZATION OF OPINION

This order first discusses pro se standards. Second, standards for a motion to dismiss. Third, dismissal of Defendant City of DuPont Police Department. Fourth, Plaintiffs' unspecified constitutional claims. Fifth, Plaintiffs' Americans with Disability Act claim. Sixth, Plaintiffs' state law claims, if any. And, finally, leave to amend the operative complaint.

## II.   DISCUSSION

### A. PRO SE STANDARDS

When a plaintiff proceeds pro se, a district court is required to afford plaintiff the benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), (citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001)); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pleadings of pro se civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Because Plaintiffs proceed pro se, the court has construed the pleadings liberally and has afforded Plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839

ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS - 5

1  F.2d 621, 623 (9th Cir.1988). However, "[p]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### B.  STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### C.  CITY OF DUPONT POLICE DEPARTMENT

Plaintiffs assert claims against both Defendant City of DuPont and Defendant City of DuPont Police Department. Dkt. 29. Defendants request dismissal of City of DuPont Police Department because it is not an entity separate from the City of DuPont with the capacity to be sued or served with process. The DuPont Police Department is merely a department of the City of DuPont and is not a legal entity subject to suit. *See, e.g.,* RCW 4.96.010(1)–(2); RCW

4.28.080(2); *Nolan v. Snohomish County,* 59 Wn. App. 876, 881–82 (1990); *Gonzalez v. Dammeier,* 2019 WL 2176833, at *1 n.1 (W.D. Wash. Apr. 4, 2019).

Therefore, Defendant City of DuPont Police Department should be dismissed.

**D.  CONSTITUTIONAL CLAIMS**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). To state a civil rights claim, a plaintiff must set forth the specific factual bases upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of official participation in a civil rights violation are not sufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

"While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). Section 1983 claims are often brought against the individuals involved, unlike here where only a city is sued. To state a claim against a municipality under § 1983, a Plaintiff must allege sufficient facts to support a reasonable inference that the execution of a policy, custom, or practice was the "moving force" that resulted in the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). Because a municipality may not be sued under a *respondeat superior* theory, "[a] plaintiff must therefore

show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original)). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson,* 536 U.S. 51, 61 (2011). Courts "require[] a high degree of fault on the part of city officials before an omission that is not in itself unconstitutional can support liability as a municipal policy under *Monell*." *City of Canton v. Harris,* 489 U.S. 378, 396 (1989). "[T]he need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that policymakers … can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. Factual allegations limited only to a plaintiff's arrest and the isolated misconduct of an officer ordinarily cannot support a § 1983 claim that a municipality has failed to train its officers. *Bind v. City of Vancouver,* 218 F.Supp.3d 1196 (W.D. Wash. 2016) (citing *Flores v. City of Los Angeles,* 758 F.3d 1154, 1159 (9th Cir. 2014)).

      Even liberally construed, Plaintiffs' Amended Complaint fails to allege facts to support a reasonable inference that deliberate action or deliberate indifference attributable to Defendants directly caused a deprivation of Plaintiffs' constitutional rights. Even considering the various attachments to the Amended Complaint, Plaintiffs do not allege facts that support a reasonable inference that any policy, custom, or practice of the City of DuPont was a moving force that resulted in the deprivation of any constitutional rights. Moreover, Plaintiffs do not allege the deprivation of any specific constitutional rights (e.g., deprivation of the Fourth Amendment right against unreasonable searches and seizures). *See* Dkt. 29-1, at 5 (alleging only "Violation of My Constitutional Rights"). Dismissal of Plaintiffs' constitutional claims is warranted at this time.

The Court informs Plaintiffs that failure to provide sufficient factual allegations in support of their 42 U.S.C. § 1983 claims in any amended complaint will result in dismissal of those claims.

### E.  AMERICANS WITH DISABILITIES ACT CLAIMS

Title II of the Americans with Disabilities Act ("ADA") provides, in relevant part, the following:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

To prove a violation of Title II of the ADA, a plaintiff must show that:

> (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997)).

"To recover monetary damages under Title II of the ADA … a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall,* 260 F.3d at 1138 (citing *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir. 1998)). To prove intentional discrimination, a "deliberate indifference" standard applies. *Duvall,* 260 F.3d at 1138.

Plaintiffs do not make allegations sufficient to support a Title II ADA claim against Defendants. Plaintiffs' reply brief only indicates that Plaintiff Wills receives "Social Security Disability for Mental Health issues" and repeats conclusory allegations that Defendants violated the ADA. *See* Dkt. 34, at 2. The Court informs Plaintiffs that failure to provide sufficient factual

allegations in support of their ADA claim in any amended complaint will result in dismissal of that claim.

### F. STATE LAW CLAIMS

Defendants' instant Motion to Dismiss and Reply discuss dismissal of any possible state law claims. Dkt. 32, at 5–6; 35, at 5. Defendants argue that, although it is unclear what the basis of any state law claims would be, they would be time-barred as Plaintiffs have not filed a pre-lawsuit claim for damages within three years, as required by state law. Dkt. 32, at 5; *see generally* RCW 4.96.010(1) (for damages against a local government entity, "[f]iling a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claim damages"); *Pirtle v. Spokane Public School District No. 81,* 83 Wn. App. 304, 309 (1996) (holding that "[f]ailure to comply with the filing requirements leads to dismissal") (citations omitted).

Plaintiffs' reply brief does not discuss and does not oppose dismissal of any possible state law claims. *See* Dkt. 34. The Court may construe a failure to reply as an admission that a motion requesting dismissal has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2). Therefore, to the extent Plaintiffs claim any violations of state law, those claims should be dismissed.

### G. LEAVE TO AMEND

If the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, the court need not grant endless amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to

amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

The Court has already granted Plaintiffs leave to amend the complaint. Dkt. 27. Nevertheless, it appears that, if granted leave to amend, Plaintiffs could possibly state a claim against Defendant City of DuPont. As discussed above, § II(C), Defendant City of DuPont Police Department should be dismissed because it is not a separate legal entity subject to suit. Additionally, Plaintiffs' state law claims, if any, are unopposed as untimely and time-barred, and should be dismissed. Therefore, as detailed in the order below, the Court should grant Plaintiffs leave to once more amend the operative complaint only as to the 42 U.S.C. § 1983 and Title II ADA claims against Defendant City of DuPont.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. 32) is **GRANTED, IN PART;**
- Defendant City of DuPont Police Department is **DISMISSED;**
- To the extent Plaintiffs claim any violations of state law, those claims are **DISMISSED;** and
- Plaintiffs are **GRANTED** leave to amend the operative complaint only as to the 42 U.S.C. § 1983 and Title II Americans with Disability Act claims against Defendant City of DuPont. A second amended complaint, if any, is due no later than **August 21, 2020.** Failure to timely file a second amended complaint with sufficient factual allegations may result in dismissal of Plaintiffs' claims and this case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of July, 2020.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS - 12