UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL R. WILLS and MICHELE ERICKSON,<br><br>               Plaintiffs,<br><br>     v.<br><br>CITY OF DUPONT,<br><br>               Defendant. | CASE NO. 19-5795 RJB<br><br>ORDER RE DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. 38. The Court has considered the pleadings filed regarding the motion and the remainder of the record herein.

Plaintiffs, proceeding pro se, should be issued a warning regarding Defendant's Motion to Dismiss (Dkt. 38). In the Motion to Dismiss, Defendant argue that Plaintiffs' Second Amended Complaint (Dkt. 37) supersedes all prior complaints, provides only vague allegations and "essentially argues that claims … asserted in prior, now-superseded and 'non-existent' complaints should be allowed to proceed," fails to state a claim for which relief can be granted, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Dkt. 38, at 2 (quoting *Ramirez v. County*

ORDER RE DEFENDANT'S MOTION TO DISMISS- 1

*of San Bernardino,* 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation omitted).

**Warning to Pro Se Plaintiffs Regarding Motion to Dismiss.** Plaintiffs are reminded that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997), including the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington ("Local Rules"). Plaintiffs are further reminded that although pro se pleadings are held to a "less stringent standard that formal pleadings drafted by lawyers," they still must meet the requirements of the rules. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Pursuant to Fed. R. Civ. P. 12(b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Plaintiffs are notified that a complaint must be dismissed under Fed. R. Civ. P. 12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); see 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1), the court is not restricted to the face of the

pleadings but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Plaintiffs are notified that Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Plaintiffs are notified that if the Motion to Dismiss is granted, their claims may be dismissed and the case closed. Plaintiffs' response to Defendant's Motion to Dismiss, if any, is

due on **September 14, 2020,** in accord with Local Rule W.D. Wash. 7(d)(3). Replies, if any, are due in accord with the Local Rules.

**IT IS SO ORDERED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of August, 2020.

_____
ROBERT J. BRYAN
United States District Judge

ORDER RE DEFENDANT'S MOTION TO DISMISS- 4