UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL R. WILLS and MICHELE ERICKSON,<br><br>                    Plaintiffs,<br>     v.<br><br>CITY OF DUPONT,<br><br>                    Defendant. | CASE NO. 3:19-cv-05795-RBJ<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) |

This matter comes before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Second Amended Complaint (Dkt. 38). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. After careful consideration, Defendant's motion to dismiss (Dkt. 38) should be granted, and Plaintiffs' Second Amended Complaint (Dkt. 37) should be dismissed, with prejudice.

## I.   FACTS AND PROCEDURAL HISTORY

**A. FACTS**

Proceeding pro se, Plaintiffs Michele Erikson ("Plaintiff Erikson") and Russel Wills ("Plaintiff Wills") claim that the City of DuPont violated both their Constitutional rights and

Title II of the Americans with Disability Act ("ADA") during a traffic stop on August 21, 2016. Dkt. 37. Plaintiffs do not here sue the police officer involved. The essential facts of the Plaintiffs' claim are alleged as follows:

Plaintiffs were driving their truck in the early hours of August 21, 2016. Dkt. 30-1. Afraid that the truck would run out of gas, Plaintiffs ran a red light to reach a nearby gas station. *Id.* A police officer pulled over the truck and focused on Plaintiff Wills, who was apparently exhibiting "erratic behavior" due to ultra rapid cycling bipolar disorder, a disabling jaw infection, and the officer's aggressive demeanor. Dkt. 30-2 at 1. Plaintiff Erickson apparently tried to explain Plaintiff Wills's condition but was ignored. Dkt. 30-2.

There appears to have been some commotion, after which the officer arrested Plaintiff Wills, striking his jaw in the process. *Id.* Plaintiff Erickson "exited the truck to hopefully help alleviate the situation" and was handcuffed and placed in the back of a police car. *Id.* Plaintiffs also allege that the officer took a container of aspirin and Plaintiff Wills's prescribed antidepressant, Zoloft, and did not return it. *Id.*

**B. PROCEDURAL HISTORY**

Plaintiffs originally filed this action in Pierce County Superior Court (Dkt. 1-1), Defendant removed to federal court (Dkt. 1). Due to deficiencies in the original complaint, this Court granted Plaintiffs leave to file an amended complaint. Dkt. 27. Plaintiffs filed an amended complaint ("First Amended Complaint") (Dkt. 29) and supporting documents (Dkts. 30 and 31), including an email from the City Administrator for the City of DuPont, Ted Danek, (Dkt. 31-1), and an outside agency review of the police stop at issue (Dkt. 31-2).

Defendants filed a 12(b)(6) motion to dismiss based on the First Amended Complaint (Dkt. 32), which Plaintiffs opposed (Dkt. 34). This Court granted, in part, the motion to dismiss and

ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) - 2

granted Plaintiffs leave to file a second amended complaint "only as to the 42 U.S.C. § 1983 and Title II ADA claims against Defendant City of DuPont." Dkt. 36 at 11.

Plaintiffs timely filed a second amended complaint ("Second Amended Complaint") (Dkt. 37), which Defendant challenges in the pending motion, Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Second Amended Complaint (Dkt. 38).  Plaintiffs replied to Defendant's motion to dismiss on September 12, 2020.  Dkt. 41.  The operative allegations from the Second Amended Complaint are: first, that the officer on the scene failed to act with "Respect, Integrity and Accountability," which violates the City of DuPont's Core Values, and; second, that the officer's behavior "can only be considered intentional discrimination on the part of the Defendant, otherwise the entire incident would have been more appropriately handled and the outcome would have been drastically different."  Dkt. 37 at 3.  In support of these claims, Plaintiffs say:

> the city of DuPont instituted a new mandatory training for it's officer's [sic]. . . as a direct result of how things were done in relation to [Plaintiff Wills] during the incident, it is obvious for the 'need of more or different training and the inadequacy likely to result in th [sic] violation of constitutional right that policymakers . . . can reasonably to said to have been deliberately indifferent to the need.'

*Id.*

**C.  PENDING MOTION**

The pending motion, Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Second Amended Complaint (Dkt 38), asks this Court to dismiss Plaintiffs' Second Amended Complaint with prejudice.  Plaintiffs' claims are limited to alleged Constitutional violations pursuant to 42 U.S.C. § 1983 and violation of Title II of the ADA by the City of DuPont.  *See* Dkt. 36.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

When considering motion to dismiss pursuant to Fed. R. Civ. P. 12(b), a court must consider the allegations in a plaintiff's complaint and decide whether she can "plausibly show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The court must construe all facts in the plaintiff's favor, but it is the plaintiff's burden to show that there is more than "speculative" chance that she is entitled to relief. *Id*. at 1965. The complaint does not need to include detailed factual allegations, but the plaintiff must do more than just recite the elements of a cause of action and conclude that she is entitled to relief. *Id.* at 1964–65.

### B. MOTION TO DISMISS MUST BE BASED ON FACTS ALLEGED IN SECOND AMENDED COMPLAINT

When considering a motion to dismiss, courts are bound to consider only the facts in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). An amended complaint supersedes an original complaint, and a court may not consider facts or allegations from the original complaint that are not included in the amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds*, *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012). This rule also applies to litigants acting pro se because they too "must follow the same rules of procedure that govern other litigants[.]" *Id.* Courts, however, "have an obligation to construe the pleadings liberally and to afford the plaintiff [pro se] the benefit of any doubt." *Id.*

This Court is bound to render its decision based only on the second amended complaint (Dkt. 37), and it will do so. Plaintiffs, however, were clearly not aware of this rule. *See* Dkt. 41 ("the Defendants argument that the Second Amended Complaint supersedes all prior complaints

doesn't seem to be practical in the sense that all the information in all complaints [] should be considered and not be eliminated"). This opinion includes references to allegations made in the First Amended Complaint (Dkt. 29) for clarity, but those facts are not used as a basis for the Court's decision.

### C. PLAINTIFFS' CONSTITUTIONAL CLAIM

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Vague and conclusory allegations of official participation in a civil rights violation is insufficient to support a claim under § 1983. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

As Plaintiffs accurately assert, "to state a claim against a municipality under 42 U.S.C. 1983, a Plaintiff must allege sufficient facts to support a reasonable inference that the execution of a policy, custom, or practice was the moving force that resulted in the deprivation of his constitutional rights." Dkt. 37 at 1; *see Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). Accordingly, a municipality may not be vicariously liable for the actions of an employee; the municipality itself must have had an official policy or custom that was the "moving force" behind the constitutional deprivation. *See Monell*, 436 U.S. at 694.

"A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). There are limited exceptions, for example "when the person causing the violation has final policy making authority" or "if the final policymaker ratified a subordinate's actions." *Id.* at 1235, 1239

1 (internal quotations omitted). Similarly, a municipality may only be liable under § 1983 for
2 failure to train its employees when evidence shows a "deliberate indifference" to the rights of its
3 inhabitants, which means that there was an "obvious" need for more or different training without
4 which the constitutional was likely to occur. *City of Canton v. Harris*, 489 U.S. 378, 389–90
5 (1989)

6       Defendant's Motion to Dismiss (Dkt. 41) should be granted for three reasons. First,
7 Plaintiffs' do not plead sufficient facts, accepted as true, that an official policy, practice, or
8 custom caused their alleged Constitutional violation. Plaintiffs support their claim by asserting
9 that the officer on the scene did not follow the City of DuPont's Core Values: Respect, Integrity
10 and Accountability. *Id.* At most, that shows that the City of DuPont expected the officer to
11 behave differently. Plaintiffs also allege that the officer struck Plaintiff Wills in the jaw and
12 improperly handcuffed Plaintiff Erickson, but do not plausibly allege that these actions,
13 assuming they were Constitutional violations, were the result of an official policy. *See* Dkt. 30-
14 2. Second, Plaintiffs' allegations stem from this single incident, but they do not allege facts that
15 would allow a fact finder to conclude that a policy maker caused or ratified the violation. Dkt.
16 37. Third, and finally, Plaintiffs do not sufficiently allege that the Defendant was deliberately
17 indifferent. Plaintiffs do not provide any evidence that Defendant was or should have been
18 aware that the mental health training in place in 2016 ignored to an obvious need for additional
19 training. *See* Dkt. 37. Even if police in DuPont now must go through mental health training "as
20 a direct result of how things were done . . . to [Plaintiff Wills]," that does not establish that
21 whatever policy in place at the time was Constitutionally deficient. *Id.* at 3. Although
22 considered in the light most favorable to the Plaintiffs, Plaintiffs do not plausibly allege that the
23 City of DuPont violated rights secured for them by the Constitution or federal statute.

24

ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(B)(6) - 6

### D. CLAIM UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT

Title II of the Americans with Disabilities Act ("ADA") provides, in relevant part, the following:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

To prove a violation of Title II of the ADA, a plaintiff must show that:

> (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997)).

"To recover monetary damages under Title II of the ADA … a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall,* 260 F.3d at 1138 (citing *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir. 1998)). To prove intentional discrimination, a "deliberate indifference" standard applies. *Duvall,* 260 F.3d at 1138.

Plaintiffs claim under Title II of the ADA should be dismissed. Plaintiffs do not allege either that they were denied access to services, programs, or entities of a public entity, or that there was intentional discrimination on the part of the defendant.

### E. DISMISSAL WITH PREJUDICE

This Court previously granted Plaintiffs two opportunities to amend their complaint. Dkts. 27 and 36. As previously stated, "the court need not grant endless amendments." Dkt. 36 at 10, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because of the "repeated failure to cure deficiencies by amendments previously allowed," *id.*, and in the interest of a "just" and "speedy"

resolution, Fed. R. Civ. P. 1, Plaintiffs' Second Amended Complaint should be dismissed, with prejudice.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Second Amended Complaint (Dkt. 38) is **GRANTED**, and;

- Plaintiffs Second Amended Complaint (Dkt. 37) is **DISMISSED, WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of September, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge